IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, and JERRY HARRIS, minors on behalf of themselves and others similarly situated.<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PRINCIPAL MICHAEL JOHNSON, TEACHER MS. ALAVAREZ, TEACHER MS. CURRY, CHICAGO BOARD OF EDUCATION, and REAVIS ELEMENTARY MATH AND SCIENCE, and the CITY OF CHICAGO.<br><br>　　　Defendants. | No.　**FILED: MAY 07, 2008**<br>　　　**08CV2644    AEE**<br>　　　**JUDGE ZAGEL**<br>　　　**MAGISTRATE JUDGE BROWN** |

## COMPLAINT AT LAW

NOW COME the PLAINTIFFS, by and through their attorneys, HORWITZ, RICHARDSON & BAKER, LLC., and pursuant to this Complaint at Law, state the following against the above named Defendants, to wit PRINCIPAL MICHAEL JOHNSON, TEACHER MS. ALAVAREZ, TEACHER MS. CURRY, (hereinafter, the "INDIVIDUAL DEFENDANTS") the CHICAGO BOARD OF EDUCATION, REAVIS ELEMENTARY MATH AND SCIENCE (also referred to as "REAVIS ELEMENTARY") and the CITY OF CHICAGO:

### JURISDICTION

1.　The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

1

## PARTIES

2.  SUMMER NETTERVILLE is mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, (hereinafterwards the "INDIVIDUAL PLAINTIFFS") and they are residents of the State of Illinois and citizens of the Untied States.

3.  The INDIVIDUAL DEFENDANTS were at all times relevant hereto, employed by and acting on behalf of the CITY OF CHICAGO, via the CHICAGO BOARD OF EDUCATION and REAVIS ELEMENTARY.

4.  The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the INDIVIDUAL DEFENDANTS.

5.  At all times material to this complaint, the INDIVIDUAL DEFENDANTS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO, the CHICAGO BOARD OF EDUCATION and REAVIS ELEMENTARY.

6.  REAVIS ELEMENTARY is a Chicago public school that is part of the Chicago Public School system and is directed and and/or obligated to follow the laws, rules, policies and procedures of the CITY OF CHICAGO and the CHICAGO BOARD OF EDUCATION.

7.  JEREMIAH HARRIS is eight years old and, at all relevant times to this complaint, was a student at REAVIS ELEMENTARY.

8.  JERRY HARRIS is 13 years old and, at all relevant times to this complaint, was a student at REAVIS ELEMENTARY.

9.  PRINCIPAL MICHAEL JOHNSON is a principal at REAVIS ELEMENTARY.

10. TEACHER MS. ALAVAREZ is a teacher of children of approximately eight to 13 years of age at REAVIS ELEMENTARY.

11.     TEACHER MS. CURRY is a teacher of children of approximately eight to 13 years of age at REAVIS ELEMENTARY.

12.     The class members consist of the students who attended the class of TEACHER MS. CURRY and TEACHER MS. ALAVAREZ in the 2006-2007 school year.  The children are all minors.  The potential class members shall be referred to as CLASS PLAINTIFFS in this complaint.

13.     The named INDIVIDUAL PLAINTIFFS to this cause will represent the class, if this Honorable Court grants class certification to this cause.

## SCHOOL POLICY
## REGARDING RESTROOM BREAKS

14.     In the school year of 2006-2007, the INDIVIDUAL DEFENDANTS enforced a policy at REAVIS ELEMENTARY

   a. the bathrooms in the school remained locked, requiring a key to open said doors;

   b. children have to be escorted to the bathroom by a teacher; and

   c. if a teacher is not available to bring the children to the bathroom, then the children are not able to use the bathroom for the entire day.

15.     As a result of said policy, JERRI HARRIS was not able to use the restroom in school for four days in a row.

16.     As a result of said policy, JEREMIAH HARRIS was not able to use the restroom and urinated on himself.

17.     JEREMIAH HARRIS had symptoms consistent with a urinary infection (burning sensation) which was diagnosed by a physician. A medical note was provided to REAVIS ELEMENTARY for the medical purpose of allowing JEREMIAH to use the restroom as needed.

Notwithstanding his medical condition, JEREMIAH HARRIS was still only permitted to use the restroom once per school day.

18.    TEACHER MS. CURRY'S students are permitted to use the restroom only once per school day.  If the students use the restroom at another time during the day, they will have committed a school infraction pursuant to the rules as set forth by TEACHER MS. CURRY and as enforced by PRINCIPAL MICHAEL JOHNSON.

19.    TEACHER MS. ALAVAREZ'S students were periodically (on at least four occasions) not permitted to use the restroom at all during the school day. On other occasions they were only allowed to use the restroom once per day. If the students use the restroom at another time during the day or on days when they are not permitted to do so, they will have committed a school infraction pursuant to the rules as set forth by TEACHER MS. ALVAREZ and as enforced by PRINCIPAL MICHAEL JOHNSON.

20.    To limit children to use the restroom only once per day, or not at all, is inhumane and cruel.

21.    Reducing the children's ability to use the restroom causes them to consume less water and food throughout the school day which is unhealthy for the students.

22.    The conduct of the INDIVIUAL DEFENDANTS constitutes an unreasonable seizure of the INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS and violates the Fourth Amendment to the United States Constitution.

23.    The conduct of the INDIVIDUAL DEFENDANTS constitutes an unreasonable restraint of the liberty of the INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS and violates the Fourteenth Amendment to the United States Constitution.

24. The conduct of the INDIVIDUAL DEFENDANTS constitutes an unreasonable seizure of the INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS and violates Illinois Law.

## EQUAL PROTECTION "CLASS OF ONE" ALLEGATIONS

25. PLAINTIFFS JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor are a "Class of One."

26. These minor INDIVIDUAL PLAINTIFFS were treated with ill will and/or discriminated against with no rational basis.

27. These minor INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS were intentionally treated differently as a result of being students of teachers MS. CURRY or MS. ALVAREZ and of REAVIS ELEMENTARY.

28. The INDIVIDUAL DEFENDANTS acted with discriminatory intent by treating INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS differently and trying to cause further injury to said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS by unduly restricting their use of the restroom.

29. INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS were similarly situated to other students in the CHICAGO PUBLIC SCHOOLS who needed to use the restroom, and not prohibited from doing so by INDIVIDUAL DEFENDANTS.

## CLASS ACTION ALLEGATIONS

30. SUMMER NETTERVILLE, as Guardian of PLAINTIFFS JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, bring this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all persons who were students of TEACHER MS. CURRY or TEACHER MS. ALVAREZ at REAVIS ELEMENTARY and were not permitted to use the restroom when required or at reasonable times and or intervals.

5

31.     The class defined above satisfies the numerosity, commonality, typicality, adequacy predominance, and superiority requirements of Rule 23.  It is so numerous that joinder of its members is impracticable.  Common questions of law and fact predominate over individual issues that may exist as to the class.  These common questions of law and fact include the averments in the above applicable paragraphs, as well as, *inter alia*:

   a. Whether the actions of the INIDIVIDUAL DEFENDANTS by limiting restroom privileges to one, or none, per day caused their students to be subjected to an impermissible restraint on their liberty rights in violation of the Fourteenth Amendment to the United States Constitution;

   b. Whether the actions of the INIDIVIDUAL DEFENDANTS by limiting restroom privileges to one, or none, per day caused their students to be subjected to an unreasonable seizure of their person in violation of the Fourth Amendment to the United States Constitution.

   c. Whether the actions of the INIDIVIDUAL DEFENDANTS by limiting restroom privileges to one, or none, per day caused their students to be subjected to an unreasonable seizure of their person in violation of Illinois law.

   d. Whether the actions of the INIDIVIDUAL DEFENDANTS by prohibiting restroom privileges entirely, caused an impermissible restraint on the liberty rights of their students  in violation of the Fourteenth Amendment to the United States Constitution;

   e. Whether the actions of the INIDIVIDUAL DEFENDANTS, by prohibiting restroom privileges entirely caused their students to be subjected to an unreasonable seizure of

    f.   Whether the actions of the INIDIVIDUAL DEFENDANTS, by prohibiting restroom privileges entirely, caused their students to be subjected to an unreasonable seizure of their person in violation of Illinois law.

    g.   Whether the actions of the INIDIVIDUAL DEFENDANTS, by prohibiting their student restroom privileges entirely, was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

32. The facts that are relevant to that common question of law are the same for all class members.

33. The named Plaintiffs will fairly and adequately represent the class.

34. Class adjudication of the common question of law arising from a common core of operative facts is the most efficient means of resolving this case.

### COUNT I
### §1983 Unreasonable Seizure – Fourth Amendment Violation

35. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring this § 1983 Fourth Amendment claim against the INDIVIDUAL DEFENDANTS.

36. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

37. The actions of the INIDIVDUAL DEFENDANTS caused an unreasonable seizure of said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS. Therefore, the conduct of the INDIVIDUAL DEFENDANTS was in violation of the Fourth Amendment to the United States Constitution.

38. The aforementioned actions of the INDIVIDUAL DEFENDANTS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS demand compensatory damages from the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand punitive damages, costs and attorney's fees against the INDIVIDUAL DEFENDANTS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 Liberty Restraint – Fourteenth Amendment Violation

39. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring § 1983 Fourteenth Amendment claim against DEFENDANTS.

40. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

41. The actions of the INDIVIDUAL PLAINTIFFS caused an unreasonable restraint to the liberty of said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS. Therefore, the conduct of the INDIVIDUAL PLAINTIFFS was in violation of the Fourteenth Amendment to the United States Constitution.

42. The aforementioned actions of the INDIVIDUAL PLAINTIFFS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS demand compensatory damages from the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand punitive damages, costs and attorney's fees against the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT III
### Unreasonable Seizure –State Claim

43. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring this State claim for unreasonable siezure against the INIDIVUAL DEFENDANTS.

44. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

45. The INDIVIDUAL PLAINTIFFS, through their actions, unreasonably restrained said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS without a proper legal basis. The conduct of the INDIVIDUAL PLAINTIFFS was in violation of the Constitution of the State of Illinois as well as Illinois law.

46. The aforementioned actions of the INDIVIDUAL PLAINTIFFS were the direct and proximate cause of the violations set forth above.

WHEREFORE, said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS demand compensatory damages from the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand punitive damages and costs against the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT IV
### Equal Protection – Class of One

47. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, re-allege paragraphs 1 – 34 as though fully set forth herein.

48. The actions of INDIVIDUAL PLAINTIFFS violated the Equal Protection clause to the United States Constitution.

49. The aforementioned actions of said INDIVIDUAL PLAINTIFFS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand punitive damages, costs and attorney's fees against the INDIVIDUAL PLAINTIFFS. PLAINTIFFS also demand whatever additional relief this Court deems equitable and just.

## COUNT V
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO, CHICAGO BOARD OF EDUCATION

50. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring this indemnity claim against INDIVIDUAL PLAINTIFFS.

51. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

52. Defendants CITY OF CHICAGO, CHICAGO BOARD OF EDUCATION, REAVIS ELEMENTARY are the employers of the INDIVIDUAL PLAINTIFFS alleged above.

53. The INDIVIDUAL PLAINTIFFS, as alleged above, committed the acts under color of law and in the scope of employment, employed by the CITY OF CHICAGO, CHICAGO BOARD OF EDUCATION, REAVIS ELEMENTARY.

WHEREFORE, should the INDIVIDUAL PLAINTIFFS be found liable for any of the alleged counts in this cause, said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO and the CHICAGO BOARD OF EDUCATION pay them any judgment obtained against the INDIVIDUAL PLAINTIFFS as a result of this complaint.

## COUNT VI
### Supplementary Claim for *Respondeat Superior*

54. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring this *respondeat superior* claim against CITY OF CHICAGO..

55. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

56. The aforesaid acts of the INDIVIDUAL DEFENDANTS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, CHICAGO BOARD OF EDUCATION, REAVIS ELEMENTARY MATH AND SCIENCE, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

   WHEREFORE should the INDIVIDUAL DEFENDANTSS be found liable for any state claims alleged herein, said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS demand judgment against the CITY OF CHICAGO, CHICAGO BOARD OF EDUCATION and REAVIS ELEMENTARY and such other additional relief, as this Court deems equitable and just.

## COUNT VII
### Injunctive Relief

57. SUMMER NETTERVILLE, as mother and guardian on behalf of JEREMIAH HARRIS, a minor, and JERRY HARRIS, a minor, and all members of CLASS PLAINTIFFS bring this claim for injunctive relief against the INDIVIDUAL DEFENDANTS.

58. Said INDIVIDUAL PLAINTIFFS and CLASS PLAINTIFFS re-allege paragraphs 1 – 34 as though fully set forth herein.

59. The actions of INDIVIDUAL PLAINTIFFS have violated and continue to violate the Fourth Amendment to the United States Constitution.

60. The actions of INDIVIDUAL PLAINTIFFS have violated and continue to violate the Fourteenth Amendment to the United States Constitution.

61. The actions of INDIVIDUAL PLAINTIFFS have violated and continue to violate the Illinois Constitution and Illinois law.

62. As of the filing of this lawsuit, the restroom policy and water break policy are still practiced in relation to the class room of THEACHER MS. CURRY and TEACHER MS. ALVAREZ.

63. The restroom policy is inhumane and causes irreparable harm to the children and must cease.

64. There is no adequate remedy at law for the INDIVIDUAL and CLASS PLAINTIFFS.

65. An injunction will cause the rights of the INDIVIDUAL and CLASS PLAINTIFFS to be recognized.

WHEREFORE, the INDIVIDUAL and CLASS PLAINTIFFS pray that this Court enjoin INDIVIDUAL PLAINTIFFS from perpetuating the restroom and water break policy. The INDIVIDUAL and CLASS PLAINTIFFS pray that this court order water and restroom breaks as is deemed reasonable and necessary, but in no event, less then two to three times per day and/or as is reasonably necessary and in the best interests of the children and consistent with their medical needs.

**Plaintiffs demand trial by jury.**

Respectfully submitted,

_____
Attorney for the Plaintiff
Blake Horwitz, Esq.

Horwitz, Richardson & Baker, LLC
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Tel: 312-676-2100
Fax: 312-372-7076