UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUMMER NETTERVILLE, as mother and Guardian on behalf of JEREMIAH HARRIS, and JERRY HARRIS, minors on behalf of themselves and others similarly situated. <br><br> Plaintiffs, <br><br> v. <br><br> PRINCIPAL MICHAEL JOHNSON, TEACHER MS. ALVAREZ, TEACHER MS. CURRY, CHICAGO BOARD OF EDUCATION and REAVIS ELEMENTARY MATH AND SCIENCE, and the CITY OF CHICAGO. <br><br> Defendants. | Case No.: 08 C 2644 <br><br><br><br> JUDGE ZAGEL <br><br> MAGISTRATE JUDGE BROWN |

**DEFENDANT CITY OF CHICAGO'S MOTION AND MEMORANDUM
TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, the City of Chicago, by one of its attorneys, David Selmer, Assistant Corporation Counsel, respectfully moves this Honorable Court to dismiss all of Plaintiffs' claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and submit the following memorandum of law in support of their motion:

**SUMMARY OF ARGUMENT**

Plaintiffs' only two claims against the City of Chicago are indemnification (Count V) and Respondeat Superior (Count VI). These claims allege and require as an element that the City of Chicago acts as principal and employer over the co-defendants. The City of Chicago is not the principal or employer over the co-defendants. Thus, the claims cannot be proven for the Defendant City of Chicago, and the City of Chicago should be dismissed with prejudice as a defendant in this case.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiffs' Complaint: During the school year of 2006-2007, Plaintiffs Jerry and Jeremiah Harris were students at Reavis Elementary school, taught in part by Defendants Curry and Alvarez. (Plaintiffs' Complaint at ¶¶ 6-12, attached as "Exhibit A"). At the time Plaintiffs attended Reavis Elementary, the school enforced a bathroom policy. (Exhibit A at ¶ 14). Pursuant to this policy, a key was necessary to open any bathroom, children had to be escorted to the bathroom by a teacher, and if a teacher was not available to bring the children to the bathroom, the children were not able to use the bathroom for the entire day. (Exhibit A at ¶ 14).

Defendant Curry permitted students to use the restroom once per day. Any unauthorized use of the restroom at another time during the day resulted in a school infraction enforced by Reavis Elementary Principal, Defendant Michael Johnson. (Exhibit A at ¶ 18). According to Plaintiffs, on at least four occasions, Defendant Alvarez's students were not permitted to use the restroom at all, and on other occasions, they were allowed use of the restroom once a day. (Exhibit A at ¶ 19) Similar to Defendant Curry's rules, should any student of Defendant Alvarez use the restroom at another time during the day, or on days when they were not permitted to do so, a school infraction would result. (Exhibit A at ¶ 19).

Again, according to Plaintiffs' complaint, because of this policy Plaintiff Jerry Harris was unable to use the school's restroom for four consecutive days. When Plaintiff Jeremiah Harris was prevented from using the restroom, he urinated on himself. (Exhibit A at ¶¶ 15-16). Plaintiff Jeremiah Harris later was diagnosed with a urinary infection and, despite a doctor's note, was only permitted use of the restroom once per school day. (Exhibit A at ¶ 17).

**STANDARD OF REVIEW**

In ruling on a motion to dismiss, this Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the Plaintiff. Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). Motions to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(6) are appropriate only in limited circumstances. See Fed. R. Civ. P. 8(c). However, after construing all well-pleaded factual allegations in the complaint and any reasonable inferences therefrom in favor of the Plaintiff, dismissing a defendant from the case is proper if it appears beyond doubt that the Plaintiff can prove no set of facts on a claim that would entitle him to relief against that defendant. See, e.g., McCrady v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

**ARGUMENT**

I. **THE CITY OF CHICAGO DOES NOT EMPLOY OR CONTROL THE INDIVIDUAL DEFENDANTS**

Insofar as Plaintiffs' Complaint is against the City of Chicago, their claims are based on the wrongful assumption that the individual defendants are employees of the City of Chicago. Plaintiffs' claims of indemnification and respondeat superior (Counts V and Count VI, respectively) require an employer-employee relation between the City of Chicago and another co-defendant. See, Woods v. Cole, 181 Ill.2d 512, 517 (Ill.1998) ("Under the doctrine of respondeat superior, a principal may be held liable for the tortuous actions *of an agent* which causes a plaintiff's injury, even if the principal does not himself engage in any conduct in relation to the plaintiff.")(Emphasis added). Without alleging liability against an employee of a public entity or an employee of that entity, a respondeat superior or indemnification claim cannot apply. 745 ILCS 10/9-102 provides:

> "A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) *for which it or an employee while acting within the scope of his employment* is liable in the manner provided in this Article."

745 ILCS 10/9-102. (Emphasis added).

As stated in Wallace v. Masterson, 345 F.Supp.2d 917 (N.D.Ill.2004), under the traditional theory of respondeat superior, there can be no liability for an agent on behalf of the entity if the entity has no authority to control him." Wallace, at 922 (citing Moy v. County of Cook, 159 Ill.2d 519, 526 (1994)). In Miller v. Karner, 2008 WL 2229482 (N.D.Ill.2008) the court held consistent with this logic: "Pursuant to Section 102, the Village is only liable for indemnification to the extent that there is liability on the part of one of the Village's employees." Miller, at *7.

As established by the Illinois Constitution, the City is a home-rule municipal corporation, existing separately and apart from other "units of local government." Ill.Const., art. VII, §§ 1, 6. See, e.g., Union County Regional Board of School Trustees v. Union County Historical Society, Inc., 52 Ill.App.3d 458 (5th Dist. 1977). The Chicago Board of Education was created and exists as a separate legal entity from the City, and should be sued in that particular capacity. The Chicago Board of Education is a "body politic and corporate" and "by that name may be sued and be sued." See, 105 ILCS 5/34-2.[1]

Plaintiffs allege: "The aforesaid acts of the individual defendants were in the scope of employment and therefore the Defendant City of Chicago, Chicago Board of Education, Reavis Elementary Math and Science, as principal, is liable for the actions of its agents under the

---

[1] Other examples of this include the Chicago Park District, see 70 ILCS 1505/3 (2004)("[T]he Chicago Park District shall constitute a body politic and corporate and by such name and style may sue and be sued[.]"), and the Chicago Transit Authority, see 70 ILCS 3605/3, 3605/5 (2004)(creating a "body politic and municipal corporation under the name Chicago Transit Authority" that "may sue and be sued in its corporate name.")

4

doctrine of respondeat superior." (Exhibit A at ¶ 11). As the City of Chicago is a legally separate entity from the Chicago Board of Education, there are no employees or agents of the City of Chicago for the alleged liability to attach. As Plaintiffs cannot accurately claim there is such an employer – employee relationship between the City of Chicago and any of the defendants, Plaintiffs' indemnification claim (Count V), and respondeat superior claim (Count VI), should be dismissed.

## CONCLUSION

The individual defendants were employees of the Chicago Board of Education and not employees of the City of Chicago. The only claims against the City of Chicago, indemnification (Count V) and respondeat superior (Count VI), have agency as an essential element. Thus, the Plaintiffs' Complaint fails to state a claim against the City of Chicago for which relief can be granted, and Plaintiffs' claims for indemnification and respondeat superior against the City of Chicago must be dismissed.

**WHEREFORE,** Defendant, the City of Chicago, requests that all claims against them be dismissed with prejudice, and that they be given any other such relief as this Court deems necessary and appropriate.

Respectfully submitted,

/s/ David Selmer            .
DAVID N. SELMER
Assistant Corporation Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois, 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

/s/ Cherie Getchell           .
CHERIE K. GETCHELL
Law Clerk On Behalf of the City of Chicago